

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dallas Blankenship, Chairman
Committee on Constitutional Amendments
House of Representatives
Austin, Texas

Dear Sir:  Opinion No. O-5128
     Re: An amendment to the Consti-
       tution of the State of Texas
       by adding to Article V there-
       of a new section to be de-
       signated Section 13a.

    Your letter dated March 10, 1943, addressed
to Honorable Gerald C. Mann, Attorney General, has been
received and has the attention of this department, from which
letter we quote:

     "Attached hereto is a copy of Sub-
  stitute House Bill No. 11. As Chairman
  of Constitutional Amendments Committee,
  the Committee desires to know if this
  bill will conflict with the present law
  concerning Community Property Rights."

    Attached to your letter is a draft of the pro-
posed constitutional amendment. The proposed amendment
reads:

     "Sec. 13a. Women shall have in all
  things equal rights with men."

     Section 15 of Article 16 of the Constitution
reads:

     "All property, both real and personal, of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the wife, owned or claimed by her before
marriage, and that acquired afterward by
gift, devise or descent, shall be her sepa-
rate property; and laws shall be passed more
clearly defining the rights of the wife,
in relation as well to her separate property
as that held in common with her husband,
Laws shall also be passed providing for the
registration of the wife's separate property."

In keeping with the mandate of the above quoted
section of the Constitution with reference to community property,
the Legislature of this State enacted what is now Article 4619,
Revised Civil Statutes, which reads:

"Sec. 1. All property acquired by either the
husband or wife during marriage, except that
which is the separate property of either, shall
be deemed the common property of the husband
and wife; and all the effects which the husband
and wife possess at the time the marriage may
be dissolved shall be regarded as common effects
or gains, unless the contrary be satisfactorily
proved. During coverture the common property of
the husband and wife may be disposed of by the
husband only provided, however, if the husband
shall have disappeared and his whereabouts shall
have been and remain unknown to the wife con-
tinuously for more than twelve months, the wife
shall after such twelve month period and until
the husband returns to her and the affidavit
hereinafter provided is made and filed for record,
have full control, management and disposition of
the community property, and shall have the same
powers with reference thereto as are conferred
by law upon the husband, and her acts shall be as
those of a feme sole. ( Underscoring ours)

"Sec. 2. If the wife shall hereafter desire to
exercise any of the powers herein conferred upon
her, she shall file a petition in writing under
oath in the district court of the county in which
the husband resided at the time of such disap-
pearance, if he then resided in this State, or in
the district court of the county in which the

wife resided, if the husband was a nonresident of this State at the time of disappearance, or of any county in which the community property or part thereof is situated in which petition the wife shall set forth the facts entitling her to control, manage, and dispose of the community property under the provisions of this article.

"Sec. 3. After the filing of said petition the judge of said court shall set the same down for hearing, either in term time or vacation.

"Sec. 4. Notice of the filing of said petition and the date set for the hearing thereon shall be issued by the clerk of the court in which the petition is filed and the same shall be published in some newspaper of general circulation published in the county in which the petition is filed, if there be a newspaper published in said county, but if not then in the nearest county where a newspaper of general circulation is published, once in each week for two consecutive weeks previous to the date set for said hearing, the first of which publications shall be not less than ten days prior to such date set for such hearing.

"Sec. 5. If, upon the hearing of said petition, the judge shall be satisfied that the facts alleged therein are true, and that facts exist which entitle the wife to control, manage and dispose of the community property under the provisions of Section 1 of this Act, he shall make his order finding and setting out such facts, and thereafter the wife shall have the same powers over the community property as are conferred by law upon the husband, until the husband shall have returned to the wife, and until either the husband or wife shall make and file for record in the office of the county clerk of the county in which said petition was filed, his or her affidavit stating the fact of such return. Said affidavit shall be recorded in the deed records of said county and may be recoreded in the deed records of other counties in which the property of said community estate may be situated."

The interpretation of the provision of this statute with reference to the control and disposition of community property may be found in the following cases, Stone v. Jackson, 105 Tex. 385, 210 S. W. 953; Moore v. Wooten, 265 S. W. 210.

It is our opinion that the proposed constitutional amendment would conflict with the provision of the present community property rights statute with respect to the control and disposition of community property. Therefore, your question is answered in the affirmative.

We wish it understood that this opinion is addressed to the specific question asked and is to be so construed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

W. R. Price
Assistant

EPP:BT

APPROVED MAR 22, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

O.XX. __ C.C.R.

EPP:mw